IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**CALVIN BROWNLEE,**

      **Plaintiff,**

v.                                                Dkt. No. 2:23-cv-02061-JTF-cgc

**EVANS DELIVERY COMPANY, INC.,**

      **Defendant.**

ORDER GRANTING DEFENDANT'S
SECOND MOTION TO COMPEL

REPORT AND RECOMMENDATION

      Before the Court, by way of Order of Reference (D.E. # 30), is Defendant's Second Motion to Compel discovery responses filed on October 18, 2023 (D.E. # 29). The Motion seeks an order dismissing Plaintiff's complaint as sanctions for failure to comply with the Court's August 14, 2023 Order Granting Defendant's Motion to Compel (D.E. # 25). The Motion states that, although the August 14th order required Plaintiff to respond to the interrogatories and discovery requests without objection within fourteen days of the date of the order, Plaintiff did not respond to the discovery requests until September 13, 2023 and many of the responses included objections in contravention of the Order. To date, no response to the instant motion has been filed. On December 11, 2023, a hearing on the Motion was held via Microsoft Teams. Jason Dollard appeared on behalf of Plaintiff and Clay Gunn appeared on behalf of Defendant.

      Pursuant to Local Rule 7.2(a)(2), the non-movant shall file a response within fourteen days after service of the motion, and "[f]ailure to respond timely to any motion, other than one

requesting dismissal of a claim or action, may be deemed good grounds for granting the motion." In this case, Plaintiff failed to respond to the instant motion within the fourteen days provided by the Local Rules.  Accordingly, the Court finds that the motion should be GRANTED for failure to respond.

Fed. R. Civ. P. 37(b) authorizes sanctions for the failure to comply with a discovery order up to and including dismissal of the action. Plaintiff clearly violated the August 14th order by failing to timely tender discovery responses and by submitting responses with objections. Plaintiff waived his opportunity to object to the discovery requests by failing to respond to the first Motion to Compel.  The order warned Plaintiff that further failure to comply could result in dismissal.

It is RECOMMENDED that dismissal with prejudice is the appropriate sanction in this case.  The instant case was filed February 7, 2023.  Defendant served discovery to Plaintiff on April 19, 2023[1] and, after over seven months, has not received complete responses to those requests.  The scheduling order (D.E. # 13) in the case set deadlines for the close of discovery on November 3, 2023 and filing dispositive motions on December 8, 2023.  Plaintiff's failure to participate in discovery has significantly impacted Defendant's ability to defend against the complaint.  Plaintiff was warned in August that a failure to comply could result in discovery and he still elected to disobey the court's discovery order.

---

[1] Plaintiff's counsel stated at the hearing that Plaintiff is in custody and that communication with Plaintiff has been difficult.  A review of the Shelby County Criminal Justice System Portal (cjs.shelbycountytn.gov/CJS) shows that in case number C1801049 Plaintiff was convicted on May 3, 2019 of criminal attempt – possession with the intent to manufacture, sell or deliver:cocaine and possession with the intent to manufacture, sell or deliver:cocaine and received a six year sentence with six years probation.  On July 25, 2022, a petition to revoke suspended sentence was filed. The petition was granted on April 25, 2023 and Plaintiff entered Tennessee Department of Correction custody at the Shelby County Correctional Center where he is currently located with a sentence end date of November 7, 2025 according to the Tennessee Department of Correction Felony Offender Information website (https://foil.app.tn.gov/foil/)

Plaintiff also requests that the costs of this Motion be assessed against Plaintiff. If a motion to compel filed pursuant to Fed.R.Civ.P 37(a) is granted, the court "must, after giving an opportunity to be heard, require the party… whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Pursuant to Fed. R. Civ. P. 37(a)(5)(A), The August order directed Defendant to submit an affidavit of fees and expenses related to the first motion to compel and directed Plaintiff to file any response indicating circumstances which would make an award of fees unjust. On August 25, 2023, Defendant filed an affidavit documenting $1,588.50 in fees (D.E. # 26). To date, Plaintiff has not filed a response stating why an award of fees would be unjust.

It is RECOMMENDED that Defendant be awarded $1,588.50 as sanctions against Plaintiff for Plaintiff's failure to respond to the first motion to compel pursuant to Fed. R. Civ. P. (a)(5)(A), It is FURTHER RECOMMENDED that the Complaint be DISMISSED as a sanction against Plaintiff for failure to comply with the August 14, 2023 Order Granting Motion to Compel.

**SIGNED** this 11th day of December, 2023.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**