IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| CALVIN BROWNLEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 2:23-cv-02061-JTF-cgc |
| | ) |
| EVANS DELIVERY COMPANY, INC., | ) |
| | ) |
| Defendant. | ) |

ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION GRANTING SECOND MOTION TO COMPEL IN PART;
DISMISSING COMPLAINT; AWARDING FEES TO DEFENDANT; AND DENYING
MOTION TO WITHDRAW

Before the Court are two matters. First is the Magistrate Judge's Report and Recommendation on Defendant Evans Delivery Company's Second Motion to Compel, ("R & R") submitted on December 11, 2023. (ECF No. 38.) Defendant filed its Second Motion to Compel on October 18, 2023, and it was referred to the Magistrate Judge on the same day. (ECF Nos. 29 & 30.) Plaintiff Calvin Brownlee did not file a Response to the Motion. The Magistrate Judge held a hearing on the Second Motion to Compel on December 11, 2023. (ECF No. 32.) After this hearing, the Magistrate Judge submitted the present R & R recommending that the Complaint be dismissed with prejudice and that the Defendant be awarded $1,588.50 as sanctions for Plaintiff's failure to comply with its August 14, 2023 Order Granting Motion to Compel. (ECF No. 38, 3.) Neither party filed objections, and the opportunity to do so has passed. See 28 U.S.C. § 636(b)(1); LR 72.1(g)(2) (objections must be filed within fourteen (14) days after being served a copy of the R

& R). Second is Allen Gressett, Jason Dollard and Schwed, Adams & McGinley, P.A.'s Motion to Withdraw as Counsel for Plaintiff, filed on December 5, 2023. (ECF No. 35.)

For the following reasons, the R & R is **ADOPTED IN PART**, and the Second Motion to Compel is **GRANTED**. The Complaint is **DISMISSED WITH PREJUDICE** and Defendant is **AWARDED** $1,588.50 as sanctions against Plaintiff's Counsel for failure to comply with the prior discovery order. Allen Gressett, Jason Dollard and Schwed, Adams & McGinley, P.A.'s Motion to Withdraw as Counsel for Plaintiff is **DENIED**.

## I.     REPORT AND RECOMMENDATION

Congress passed 28 U.S.C. § 636(b) "to relieve some of the burden on the federal courts by permitting the assignment of certain district court duties to magistrates." *United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001). Pursuant to the provision, magistrate judges may hear and determine any pretrial matter pending before the Court, except various dispositive motions. 28 U.S.C. § 636(b)(1)(A). Upon hearing a pending matter, "the magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). Any party who disagrees with a magistrate's proposed findings and recommendation may file written objections to the report and recommendation. Fed. R. Civ. P. 72(b)(2). However, "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee notes. The district court is not required to review, and indeed "should adopt[,] the findings and rulings of the Magistrate Judge to which no specific objection is filed." *Brown v. Bd. of Educ. of Shelby Cty. Sch.*, 47 F. Supp. 3d 665, 674 (W.D. Tenn. 2014) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)).

2

Here, the Magistrate Judge found that Defendant served discovery requests on Plaintiff on April 19, 2023, and after over seven months, had not received complete responses to those requests. (ECF No. 38, 2.) These requests were the subject of Defendant's first Motion to Compel, filed on July 20, 2023. (ECF No. 23.) In her August 14, 2023 Order Granting that Motion, the Magistrate Judge included an explicit warning that Plaintiff's failure to comply with the Order could result in additional sanctions under Federal Rule of Civil Procedure 37. (*Id.*)

The Magistrate Judge found that Plaintiff's continued failure to tender the requested discovery constituted a clear violation of the August 14, 2023 Order. (ECF No. 38, 2.) She also concluded that Plaintiff's failure to participate in discovery had significantly impacted Defendant's ability to defend against the complaint. (*Id.*) She noted that this failure continued through and after the November 3, 2023 discovery deadline set forth in the case's scheduling order. (ECF No. 13.) Thus, the Magistrate recommends that this action be dismissed with prejudice as sanctions for Plaintiff's failure to comply with the prior order. (*Id.*) Plaintiff did not file any objections to the R & R, and the Court finds no clear error in the Magistrate Judge's analysis relating to propriety of dismissing the action. Accordingly, the Court **ADOPTS** the Magistrate Judge's findings on this matter and **DISMISSES** the case.

The Magistrate Judge also addressed the award of fees. The August 14, 2023 Order directed Defendant to submit an affidavit of fees and expenses related to the first motion to compel pursuant to Federal Rule of Civil Procedure 37(a)(5)(A), and gave Plaintiff the opportunity to file a response indicating circumstances which would make an award of fees unjust. (ECF No. 25, 2.) On August 25, 2023, Defendant filed an affidavit documenting $1,588.50 in fees. (ECF No. 26.) Plaintiff did not file a response. The Magistrate Judge therefore recommends that the $1,588.50

fees be awarded to Defendant "for Plaintiff's failure to respond to the *first motion to compel*" pursuant to Federal Rule of Civil Procedure 37(a)(5)(A). (ECF No. 38, 3 (emphasis added).)

Again, Plaintiff did not file any objections to the R & R, and the Court finds no clear error in the Magistrate Judge's analysis relating to propriety of awarding fees. However, it is unclear whom the Magistrate Judge recommends be held responsible for paying the fees. At the hearing, Plaintiff's Counsel appears to have requested that the fees be assessed against Plaintiff himself because his incarceration has caused the issues leading to the sanction. (*See* ECF No. 38, 2-3.) Indeed, this position would be consistent with the spirit of Plaintiff's Counsel's contemporaneous attempt to withdraw from the case. The R & R does not distinguish between plaintiff's counsel and plaintiff proper, and the Magistrate Judge recommends only that "Defendant be awarded $1,588.50 as sanctions *against Plaintiff*." (*Id.* at 2 (emphasis added).) Because the Court cannot discern the substance of the Magistrate Judge's recommended remedy, it **REJECTS** the recommendation strictly in regard to the issue of who is responsible for paying the fees and takes up the matter below.

## II.   WITHDRAWAL AND FEES

Allen Gressett, Jason Dollard and Schwed, Adams & McGinley, P.A.'s seek to withdraw as counsel for plaintiff. (ECF No. 35.) They maintain that the Court should allow them to withdraw because Plaintiff "refused to cooperate with his attorneys." (*Id.* at 1.)

Local Rule of Court 83.5 permits an attorney of record to withdraw from a case only by written motion and Court order. LR 83.5. The written motion must include the grounds requiring withdrawal and the name and address of any substitute counsel. *Id.* If the client does not have substitute counsel or if the identity of substitute counsel is not known, the written motion must

4

contain "the name, address, and telephone number of the client, as well as the signature of the client approving the withdrawal or a certificate of service on the client." *Id.*

Counsel has neither identified substitute counsel nor provided Plaintiff's name, address and signature approving the withdrawal, or a certificate of service on him. Hence, Counsel's Motion to Withdraw does not satisfy the requirements set forth in the Local Rules.

The motion to withdraw is also in tension with the award of fees discussed above. Pursuant to Federal Rule of Civil Procedure 37(a)(5), if a motion to compel is granted, the opposing party "whose conduct necessitated the motion, the party or attorney advising that conduct, or both" are responsible for paying movant's reasonable expenses incurred. Plaintiff's Counsel appears to believe that Plaintiff himself should be responsible for these fees because his incarceration caused the communication issues that have resulted in their failure to participate in discovery. (ECF No. 38, 2-3.) This argument is not persuasive. As stated in the R & R, the $1,588.50 in fees represents the fees and expenses Defendant incurred in relation to the *first* motion to compel. (*Id.* at 3.) The fees and costs correspond to the 5.10 billable hours Defense Counsel spent on the first discovery dispute that was necessitated by Plaintiff's failure to respond to any of Defendant's discovery requests. (ECF Nos. 23, 2 & 26, 3.) Under Local Rule 83.4, Plaintiff himself could not have responded to Defendant's discovery requests because he was represented by counsel. *See* LR 83.4(f)("[a] party represented by counsel who has appeared in a case may not act on his or her behalf unless that party's attorney has obtained leave of the Court to withdraw as counsel of record[.]"). Hence, Plaintiff's incarceration is irrelevant for the purposes of determining who is responsible for paying the fees. To be clear, Plaintiff's Counsel had numerous opportunities to withdraw or inform the Court of their predicament with Plaintiff before the Magistrate Judge ultimately recommended the $1,588.50 award of fees in her December 11, 2023 R & R; they could

5

have responded to the first or second motion to compel, or filed a response to the August 14, 2023 Order stating why an award of fees would be unjust. The record reflects that Plaintiff's Counsel elected to do none of these things and instead wait until December 11, 2023 to pin the blame on their client who appears to be completely unaware of these proceedings. Accordingly, the Court does not find for ground for relieving Plaintiff's Counsel of the burden imposed on them for failing to respond to Defendant's discovery requests.

In summary, Plaintiff's Counsel's Motion to Withdraw is **DENIED**, and Defendant may recover $1,588.50 as sanctions against Plaintiff's Counsel for fees and expenses incurred in relation to the initial discovery dispute.

### III.  CONCLUSION

Consistent with the foregoing, the R & R is **ADOPTED IN PART**, and the Second Motion to Compel is **GRANTED**. The Complaint is **DISMISSED WITH PREJUDICE** and Defendant is **AWARDED** $1,588.50 as sanctions against Plaintiff's Counsel fees and expenses relating to the first motion to compel. Plaintiff's Counsel's Motion to Withdraw is **DENIED**.

**IT IS SO ORDERED** this 23rd day of January, 2024.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
United States District Judge
